# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2442-C-BK |
| | § | |
| ZETA GLOBAL HOLDINGS CORP, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. For the reasons that follow, this case should be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On November 2, 2022, Plaintiff filed this *pro se* action arguing Defendants violated the Telephone Consumer Protection Act ("TCPA")—47 U.S.C. § 227(b), 47 C.F.R. § 64.1200— when they allegedly made unsolicited calls and sent text messages to Plaintiff. Doc. 3, p*assim.* Plaintiff paid the filing fee and was thus responsible for serving summonses and copies of his complaint on each Defendant within 90 days as required by Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure.

After summonses issued, Plaintiff filed a motion to extend the deadline for Defendants to answer his complaint. Doc. 6. The Court (1) denied Plaintiff's motion as moot as Defendants had no obligation to file an answer until Plaintiff properly served them; and (2) ordered Plaintiff to effect proper service on Defendants or show good cause for his failure to do so, by January 31,

2023, or risk dismissal of his case.  Doc. 7.  To date, neither summons has been returned as executed.

## II. ANALYSIS

Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice. FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, which "fall into the categories of inadvertence, mistake, or ignorance" of the law are not a sufficient showing of excusable neglect.  *Id.* at 646.  The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); FED. R. CIV. P. 4(m).

Here, Plaintiff has neither served Defendants, shown good cause for his failure to do so, nor sought an extension to effectuate service.  However, since the January 31 deadline, he has filed an amended complaint, a notice of settlement and status report, a motion for discovery, and a motion for hearing.  *See* Doc. 8; Doc. 9; Doc. 10; Doc. 11; *Kreimerman*, 22 F.3d at 645-46 (finding that action and inaction which fall into "the categories of inadvertence, mistake, or ignorance . . . do not constitute excusable neglect" or help to evince good cause).

### III. CONCLUSION

Accordingly, this case should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SO RECOMMENDED** on May 1, 2023.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).